# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MESSICK, | Case No. 1:17-CV-00608-LJO-JLT |
| Plaintiff, | Honorable Lawrence J. O'Neill |
| v. | **JUDGMENT** |
| TECHNIPMC US HOLDINGS LLC; FMC TECHNOLOGIES MEASUREMENT SOLUTIONS, INC.; TECHNIP USA, INC., TECHNIP USA HOLDINGS, INC.; DOES 1 through 100 inclusive, | |
| Defendants. | |

JUDGMENT

44135746v.3

On January 29, 2018, the Court entered an Order approving the terms and conditions of the Joint Stipulation Re: Settlement and Release of PAGA Claims ("PAGA Settlement"). (Dkt. No. 24.) for the claims pled in the Eighth Claim. The PAGA Settlement is attached hereto as **Exhibit A**.

The Court hereby enters Judgment as follows:

1. The terms of the judgment are set forth in Exhibit A attached hereto.

2. This Judgment is not a finding of any wrongdoing by Defendants, but is a result of a stipulated settlement and judgment reached by the parties.

3. Thirty days after entry of the date of this Judgment ("Effective Date"), the LWDA, Ron Messick, and Jeramy Riley fully release and forever discharge TechnipFMC US Holdings LLC, FMC Technologies Measurement Solutions, Inc., Technip USA, Inc., FMC Technologies, Inc., and all of their parent and subsidiary companies, affiliates, holding companies, predecessors, successors, assigns, employees, officers, directions, and agents ("Released Parties") from any and all claims brought under the California Private Attorneys General Act, California Labor Code § 2698 *et seq.*, for any violations of California labor Code sections 210 [deleted 201 and put 210 consistent with the stipulation], 215, 216, 226.3, 226.6, 550-553, 1197.1, and the California Industrial Welfare Commission Wage Orders that took place between March 14, 2016, through the Effective Date ("Released Claims"). As a result of this release, Ron Messick and Jeramy Riley will be unable to bring a claim under, or recover in any claim brought under, the California Private Attorneys General Act, California Labor Code § 2698 *et seq.*, for any violations of the Released Claims through 30 days from the entry of this judgment.

4. The Eighth Claim for PAGA violations is hereby dismissed with prejudice, but the court reserves jurisdiction to enforce the terms of the PAGA settlement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: 2/13/18                        /s/ Lawrence J. O'Neill
HON. LAWRENCE O'NEILL
UNITED STATES CHIEF DISTRICT JUDGE

Approved as to form:


 */s/ Karl Gerber* (as authorized on 2/9/18)
Karl Gerber
Attorneys for Plaintiff
Ron Messick


 */s/ Daniel Whang*
Daniel Whang
Attorneys for Defendants
TechnipFMC US Holdings LLC;
FMC Technologies Measurement Solutions,
Inc.; and Technip USA, Inc.

**EMPLOYMENT LAWYERS GROUP**
Karl Gerber (SBN 166003)
13418 Ventura Blvd.
Sherman Oaks, California 91423
Telephone: (818) 783-7300
Facsimile: (818) 995-7159

Attorneys for Plaintiff
RON MESSICK

**SEYFARTH SHAW LLP**
Daniel C. Whang (SBN 223451)
dwhang@seyfarth.com
Pantea Lili Ahmadi (SBN 265124)
pahmadi@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
TECHNIPFMC US HOLDINGS LLC; FMC
TECHNOLOGIES MEASUREMENT
SOLUTIONS, INC.; and TECHNIP USA, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MESSICK, | Case No. 1:17-CV-00608-LJO-JLT |
| Plaintiff, | Honorable Jennifer L. Thurston |
| v. | **JOINT STIPULATION RE: SETTLEMENT AND RELEASE OF PAGA CLAIMS; [PROPOSED] ORDER** |
| TECHNIPMC US HOLDINGS LLC; FMC TECHNOLOGIES MEASUREMENT SOLUTIONS, INC.; TECHNIP USA, INC., TECHNIP USA HOLDINGS, INC.; DOES 1 through 100 inclusive, | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

Plaintiff Ron Messick, individually and in his capacity as a representative of the State of California on behalf of other aggrieved employees, TechnipFMC US Holdings LLC; FMC Technologies Measurement Solutions, Inc.; and Technip USA, Inc. hereby enter into this Settlement Agreement and Release of Private Attorneys General Act of 2004 Claims ("Settlement") as follows:

### I. DEFINITIONS

As used in this Settlement, the following terms shall have the following meanings:

1. "Action" shall mean the civil action entitled *Ron Messick v. TechnipFMC US Holdings LLC, et al.,* originally filed in the Superior Court of the State of California for the County of Kern on March 15, 2017, Case No. BCV-17-100556, and subsequently removed to the United States District Court for the Eastern District of California on April 28, 2017, Case NO. 1:17-cv-00608-LJO-JLT.

2. "Defendants" shall collectively mean TechnipFMC US Holdings LLC; FMC Technologies Measurement Solutions, Inc.; and Technip USA, Inc.

3. "Defense Counsel" shall mean Daniel C. Whang of Seyfarth Shaw LLP.

4. "Effective Date" of the Settlement refers to the date upon which both of the following have occurred: (i) approval of the Settlement is granted by the United States District Court for the Eastern District of California, or other court assuming jurisdiction of this matter, and (ii) the Court's Judgment approving the Settlement becomes Final. Final shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such

petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.

   5. "LWDA" refers to the California Labor & Workforce Development Agency.

   6. "PAGA" refers to the Labor Code Private Attorneys General Act of 2004, California Labor Code Sections 2698 *et seq.*

   7. "PAGA Period" shall mean March 14, 2016, through the date of approval of the PAGA settlement.

   8. "PAGA Settlement Members" refers to Ron Messick and Jeramy Riley.

   9. "Plaintiff" refers to Ron Messick individually and in his capacity as a representative of the State of California on behalf of other aggrieved employees.

   10. "Plaintiff's Counsel" refers to Karl Gerber of Employment Lawyers Group.

   11. "Parties" collectively refers to Plaintiff and Defendants.

   12. "Released Claims" shall mean any and all claims, whether known or unknown, to recover penalties for any alleged violations of California Labor Code sections 210, 215, 216, 226.3, 226.6, 550-553, 1197.1, and the California Industrial Welfare Commission Wage Orders during the PAGA Period.

   13. "Released Parties" shall mean Defendants, FMC Technologies, Inc., and all of Defendants' parent and subsidiary companies, affiliates, holding companies, predecessors, successors, assigns, employees, officers, directors, and agents.

## II. RECITALS

   1. On March 14, 2017, Plaintiff's Counsel submitted a letter to the LWDA on behalf of Plaintiff, in compliance with California Labor Code section 2699.3. Plaintiff seeks to represent himself and all PAGA Settlement Members. More than 65

1  days passed after the letter was sent to the LWDA, and the LWDA has not indicated that
2  it intends to investigate the alleged violations referenced in the letter.

3        2.    On March 15, 2017, Plaintiff filed a complaint against Defendants in Kern County Superior Court, Case No. BCV-17-100556. On April 28, 2017, Defendants removed the Action to the United States District Court for the Eastern District of California.

        3.    On June 6, 2017, Plaintiff filed a First Amended Complaint in the Action. The First Amended Complaint included a PAGA claim.

        4.    The Parties agreed to engage in a mediation, which took place on January 24, 2018, before the Hon. Peter D. Lichtman. The Parties engaged in extensive settlement negotiations at the mediation, which involved substantive offers and counteroffers between the Parties. Ultimately, negotiations resulted in this Settlement.

        5.    Counsel for all Parties have thoroughly investigated the facts relating to the claims alleged in the operative complaint and have made a thorough study of the legal principles applicable to the claims asserted against Defendants. Based on their investigation and evaluation of this case, Plaintiff's Counsel has concluded that the settlement is fair, reasonable, and adequate in light of all known facts and circumstances, including the defenses asserted by Defendants, potential adverse findings regarding liability, and numerous potential appellate issues.

        6.    Defendants deny, and continue to deny, each and every claim and contention alleged in the Action, and have always maintained that they never engaged in any unlawful acts regarding any of the matters alleged in the Action.

**NOW, THEREFORE,** in consideration of the mutual covenants, promises, and conditions set forth, the Parties agree as follows:

### III. NON-ADMISSION OF LIABILITY

A.    Based on the factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks, uncertainty and costs of further

prosecution, the difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the PAGA Settlement Members of an expeditious resolution to the Action, the Parties have concluded that the terms set forth in this Settlement are fair, reasonable, adequate and in the best interests of the PAGA Settlement Members.

B. By entering into this Settlement, Defendants deny any liability for any of the claims in the Action, as well as any other potential or unknown claims based on wage and hour violations under state or federal law. Neither this Settlement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement, is, may be construed as, or may be used as, an admission, concession, or indication by or against Defendants of any unlawful conduct, fault, wrongdoing or liability whatsoever. Defendants specifically deny that they have engaged in any unlawful or wrongful conduct against Plaintiff or the PAGA Settlement Members.

## IV. TERMS OF THE PAGA SETTLEMENT

### A. The Total Settlement Payment

Defendants shall pay a settlement payment in a total amount not to exceed Five Thousand Dollars ($5,000) (the "Total Settlement Payment"). The Total Settlement Payment shall include attorneys' fees, costs, and the PAGA Fund.

### B. Attorneys' Fees and Costs

1. Defendants will not oppose or object to Plaintiff's Counsel's application for $2,000 in attorneys' fees and $500 in costs. The Parties agree that attorneys' fees and costs shall not exceed $2,000 in attorneys' fees and $500 in costs.

2. In the event that the Court does not approve an award of attorneys' fees or costs equal to the requested amount, or the Court alters the formula for calculating the settlement share each settlement class member is entitled to receive, Plaintiff and Plaintiff's Counsel agree not to seek additional review of the Court's decision regarding attorneys' fees or costs, and this Settlement Agreement will be enforceable.

3.      Payment of attorneys' fees and costs shall be paid from the Total Settlement Payment. Any reductions by the Court of Plaintiff's Counsel's request for attorneys' fees or costs shall revert to the "PAGA Fund" (as defined herein).

### C.  PAGA Fund

1.      After deducting the attorneys' fees and costs, the remainder of the Total Settlement Payment shall be allocated toward payment to the LWDA and PAGA Settlement Members ("PAGA Fund").

2.      Seventy-five percent (75%) of the PAGA Fund will be sent to the LWDA and twenty-five percent (25%) of the PAGA Fund will be allocated among the PAGA Settlement Members based on his or her proportionate share of the weeks worked during the PAGA Period.

## V.   COMPUTATION AND DISTRIBUTION OF TOTAL SETTLEMENT FUND

### A.  Settlement Administration

1.      Plaintiff's Counsel will administer the Settlement. The payment of attorneys' fees and costs to Plaintiff's counsel will include the settlement administrative fees and costs including all fees and costs for postage, envelopes, and computer searches to locate addresses; and expenses to implement and complete the settlement process according to the terms of this Settlement, to calculate payments to individual PAGA Settlement Members, any cost associated with the escheatment process for any uncashed or undeliverable settlement checks, to prepare any necessary tax documents for PAGA Settlement Members, and any other related fees and costs.

2.      Plaintiff's Counsel agrees to indemnify, defend, and hold Defendants harmless from any and all claims based on or in connection with or arising out of the administration of the Settlement.

### B.   Deposit Of Total Settlement Payment

Within 10 days after the Effective Date, Defendants shall deposit the Total Settlement Payment with Plaintiff's Counsel.

### C.   Formula For Calculating Share Of PAGA Fund

The portion of the PAGA Fund that is paid to each PAGA Settlement Member shall be determined based on the following formula:

1. The payment to PAGA Settlement Members will be based on the number of weeks worked by each PAGA Settlement Member during the PAGA Period. Partial weeks will be counted as full work weeks.

2. The amount to be paid per week worked by a PAGA Settlement Member will be calculated by dividing the value of the portion of the PAGA Fund that will be paid to PAGA Settlement Members by the total number of weeks worked by all PAGA Settlement Members during the PAGA Period.

3. Defendants' records shall be determinative for purposes of calculating the number of weeks worked and any payments to PAGA Settlement Members.

### D.   Distribution Of PAGA Fund

1. Defendants shall provide Plaintiff's Counsel with a list of the names, addresses, and Social Security numbers of the PAGA Settlement Members, to be furnished within thirty (30) days after the Court issues an Order approving the Settlement. The contact information is being provided confidentially to Plaintiff's Counsel, and Plaintiff's Counsel shall treat the information as private and confidential and take all necessary precautions to maintain the confidentiality of contact information of the PAGA Settlement Members. This information is to be used only to carry out the Settlement Administrator's duties as specified in this Settlement.

2. Within fifteen (15) days after the Effective Date, Plaintiff's Counsel shall pay to the LWDA an amount equivalent to seventy-five percent (75%) of the PAGA Fund, or as otherwise directed by the Court.

3. Within fifteen (15) days after the Effective Date, Plaintiff's Counsel shall distribute to PAGA Settlement Members their individual portion of the PAGA Fund (the "Individual Payment"), or as otherwise directed by the Court.

4. Plaintiff's Counsel will send the Individual Payment to the PAGA Settlement Members by postmarked First Class U.S. Mail along with a Court approved Notice explaining the payment and the scope of the release of claims.

5. To provide the best notice practicable, any Individual Payment returned to Plaintiff's Counsel as non-delivered shall be sent by post-marked First Class U.S. Mail to the forwarding address affixed thereto, if any. If no forwarding address is provided for an Individual Payment that is returned as non-deliverable, Plaintiff's Counsel shall use the best available technology accessible (e.g. skip tracing, address verification, etc.) to Plaintiff's Counsel or other mutually agreeable method to locate PAGA Settlement Members and will then mail the Individual Payment to the address identified by the best available technology accessible to Plaintiff's Counsel or other mutually agreeable method. If no current address is located, the Individual Payment for that individual will be deemed undeliverable. If any PAGA Settlement Members cannot be located within two attempts at mailings by Plaintiff's Counsel, the Individual Payment for that individual will be deemed undeliverable.

6. Plaintiff's Counsel shall maintain a list of the postmark date for the original mailing of the Individual Payment to the PAGA Settlement Members, the postmark date of any subsequent mailing to any PAGA Settlement Members, and a list of PAGA Settlement Members who did not receive the Individual Payment due to the inability to locate a valid address using the procedures described herein or who otherwise could not be located within two attempts at mailing.

7. All settlement checks will remain valid and negotiable for 180 days from the date of their mailing by Plaintiff's Counsel. After 180 days from the date of their mailing by Plaintiff's Counsel, any uncashed checks will be void and escheat to the

State of California Department of Industrial Relations, Unclaimed Wages Fund in the PAGA Settlement Member's name.

8. No later than January 31 of the year following payment of their individual portion of the PAGA Fund, Plaintiff's Counsel will prepare and issue IRS Form 1099, if required by law, to PAGA Settlement Members who received a payment.

9. For any PAGA Settlement Members for whom the Individual Payment was deemed undeliverable, their portion of the PAGA Fund will be sent to the State of California Department of Industrial Relations, Unclaimed Wages Fund in the PAGA Settlement Member's name within (60) days after the Effective Date, or as otherwise directed by the Court.

## VI. CLAIMS RELEASED BY LWDA AND PAGA SETTLEMENT MEMBERS

Upon the Effective Date, the LWDA and PAGA Settlement Members, including Plaintiff, fully release and forever discharge the Released Parties from any and all Released Claims. As a result of this release, the PAGA Settlement Members will be unable to bring a claim under, or recover in any other claim brought under, the California Private Attorneys General Act, California Labor Code § 2698 *et seq.*, for any violations of the Released Claims that took place between March 14, 2016, through the Effective Date.

## VII. MISCELLANEOUS PROVISIONS

### A. Voiding The Settlement

A failure of the Court to approve any material term of this Settlement shall render the entire Settlement voidable and unenforceable as to Plaintiff and Defendants, at the option of Plaintiff or any of the Defendants. If the Court fails to approve any material term of this Settlement, the Parties agree to work in good faith to modify the Settlement for approval by the Court. If the Parties are unable to reach agreement on a modified Settlement after exercising good faith efforts, each party may void this Settlement by giving notice, in writing, to the other, and to the Court within ten (10) days after the

Order granting approval of the Settlement has been received by the party seeking to void the Settlement.

### B. Mutual Full Cooperation

Plaintiff, Defendants, Plaintiff's Counsel, and Defense Counsel agree to fully cooperate with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms herein. The Parties agree to use their best efforts and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Settlement.

### C. Parties' Authority

The signatories hereto represent that they are fully authorized to enter into this Settlement.

### D. Binding Nature Of The Settlement

1. This Settlement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties. Plaintiff represents, covenants, and warrants that he has not directly or indirectly, assigned, transferred, encumbered, any claim, demand, action, cause of action or rights released in the Released Claims in this Settlement. This Settlement also shall be binding upon Plaintiff and the PAGA Settlement Members.

2. This Settlement may be amended or modified only by a written instrument signed by Plaintiff's Counsel and Defense Counsel. No rights under this Settlement may be waived except in writing.

3. This Settlement and any attached exhibits constitute the entire agreement between Plaintiff and Defendants relating to the terms contained herein. All prior or contemporaneous agreements, understandings and statements, whether oral or written, whether express or implied, and whether by a party or its counsel, concerning this Settlement are merged herein. No oral or written representations, warranties or

inducements have been made to any party concerning this Settlement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

4. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions. Each term of this Settlement is intended to be contractual and not merely a recital.

### E. Joint Drafting Of Settlement Documents

1. Plaintiff's Counsel and Defense Counsel have arrived at this Settlement as a result of a series of arm's-length negotiations, taking into account all relevant factors, present and potential.

2. This Settlement has been drafted jointly by Plaintiff's Counsel and Defense Counsel and, therefore, in any construction or interpretation of this Settlement, the same shall not be construed against any of the Parties.

3. Plaintiff and Plaintiff's Counsel agree that none of the documents provided to them by Defendants shall be used for any purpose other than the settlement of this Action. Specifically, none of the documents provided shall be used to pursue any subsequent claims or litigation against Defendants or the Released Parties.

### F. Execution Of The Settlement

This agreement may be executed in one or more counterparts and by facsimile. All executed copies of this Settlement and photocopies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original.

### G. No Press Release Or Publicity Regarding The Terms Of Settlement

Plaintiff and Plaintiff's Counsel agree that they will not issue any media or press release, initiate any contact with the media or the press, respond to any media or press inquiry or have any communications with the media or the press about the fact, amount or terms of this Settlement. Plaintiff and Plaintiff's Counsel shall not publicize or refer to

the fact or amount of the Settlement, on their websites, social media, any other marketing materials, or legal publication. Plaintiff and Plaintiff's Counsel will not state on their websites, social media, any other marketing materials, or legal publications, that Defendants engaged in any act contrary to California law, or denied payment owed to individuals classified as independent contractors or employees, or otherwise disparage Defendants, or otherwise identify Defendants. Defendants shall be allowed to report the Settlement or results of this lawsuit if required to do so by public disclosure regulatory requirements or with respect to any financial or other disclosures which in their judgment are necessary.

### H.   Continuing Jurisdiction Of The Court

The Parties agree that the Court shall retain jurisdiction over the Parties, and over this Settlement, in order to: (i) monitor and enforce compliance of Settlement, and/or (ii) resolve any disputes over this Settlement or the administration of the benefits of this Settlement.

**AGREED TO BY PLAINTIFF:**

DATED: January 24, 2018        **RON MESSICK, individually and on behalf of other aggrieved employees**

By: _____

**AGREED TO BY DEFENDANTS:**

DATED: January 24, 2018        **TECHNIPFMC US HOLDINGS LLC**

By: _____

DATED: January 24, 2018        **FMC TECHNOLOGIES MEASUREMENT SOLUTIONS, INC.**

By: _____

12

DATED: January 24, 2018            **TECHNIP USA, INC.**

By: _____

**AGREED TO BY PLAINTIFF'S COUNSEL:**

DATED: January 24, 2018            **EMPLOYMENT LAWYERS GROUP**

By: _____
Karl Gerber
Attorneys for Plaintiff

**AGREED TO BY DEFENSE COUNSEL:**

DATED: January 24, 2018            **SEYFARTH SHAW**

By: _____
Daniel Whang
Attorneys for Defendants TechnipFMC US Holdings LLC; FMC Technologies Measurement Solutions, Inc.; and Technip USA, Inc.

13

JOINT STIPULATION RE: SETTLEMENT AND RELEASE OF PAGA CLAIMS; [PROPOSED] ORDER

**[PROPOSED] ORDER**

Based on the foregoing, the Court APPROVES the terms and conditions of this Settlement.

**IT IS SO ORDERED.**

Dated: _____      _____
Hon. Jennifer L. Thurston
United States Magistrate Judge